UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DESTINY HARRISON, et al.,<br><br>    Plaintiff(s),<br><br>v.<br><br>TARGET CORPORATION,<br><br>    Defendant(s). | Case No.: 2:18-cv-01888-GMN-NJK<br><br>**REPORT AND RECOMMENDATION** |

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, which is an issue it can raise at any time. *See, e.g.*, Fed. R. Civ. P. 12(h)(3).

This case was recently removed on the basis of diversity jurisdiction. Docket No. 1. There is a strong presumption against the exercise of removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*). A removing defendant bears the burden of establishing subject matter jurisdiction. *Id.* "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Diversity jurisdiction exists when, *inter alia*, the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The Court normally defers to a statement of damages in the complaint, but it has an independent obligation to examine the basis for such a statement when doubt arises. *See, e.g.*, *Leal v. Ferrini*, 2014 WL 7409500, *2 (D. Nev. Dec. 31, 2014). A representation of the amount in controversy must be supported by facts, and a conclusory assertion comprising merely "a bold and optimistic prediction" is insufficient. *See Surber v. Reliance Nat'l Indem. Co.*, 110 F.

1

Supp.2d 1227, 1231-32 (N.D. Cal. 2000); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (*per curiam*) ("Conclusory allegations as to the amount in controversy are insufficient" to support removal). Generalized allegations of anger and embarrassment are insufficient to support the required amount in controversy. *Christensen v. Northwest Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980) ("A federal court should not and cannot adjudicate such minor claims"); *see also Morton v. CVS Corp.*, 2016 U.S. Dist. Lexis 137665, at *6 (D. Nev. Oct. 4, 2016) (notwithstanding complaint seeking more, concluding that the amount in controversy was not established for case arising out of "a dispute in which Plaintiff attempted to return a product to a CVS store and was physically ejected from the store").

In this case, Plaintiffs' complaint seeks $200,000 in damages based on allegations that they were emotionally harmed by the fact that police were called to a Target store when Plaintiffs tried to exchange items that they received during a charity event. *See* Docket No. 1-1 at ¶¶ 17-25. The complaint also alleges that Plaintiff Harrison lost her job as a result of the emotional impact of this incident. *See id.* at ¶ 26. No allegations are made as to the amount of wages allegedly lost.

Given these circumstances, the Court ordered the parties to show cause why the case should not be remanded for lack of subject matter jurisdiction. Docket No. 5. Plaintiffs responded in general terms that they suffered emotional distress from the incident at issue in this case. Docket No. 6.[1] Defendant responded that it "must assume" the amount in controversy is $200,000 as stated in the complaint because it was signed under penalty of perjury. Docket No. 7. Other than relying on its assumption that the amount claimed in the complaint is accurate, Defendant's response makes no showing of any kind that the amount in controversy is actually above $75,000.

Defendant's position is directly contrary to the case law cited in the order to show cause indicating that the Court does not merely assume that the actual amount in controversy is the amount stated in the complaint: "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Surber*, 110 F. Supp. 2d at

---

[1] As Plaintiffs are proceeding *pro se*, the Court construes their filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1231 (quoting *Diefenthal v. Civil Aeronatuics Bd.*, 681 F.2d 1039, 1052 (5th Cir. 1982)). Here, Plaintiffs' claim for emotional distress arising out of the incident in question clearly does not suffice to establish the requisite amount in controversy. *Cf. Christensen*, 633 F.2d at 530-31 (tort claim arising out of rude conduct by an airline employee did not establish the requisite amount in controversy despite the anger and embarrassment allegedly suffered by the plaintiff). Moreover, the allegation that Plaintiff Harrison is "currently unemployed" due to the emotional distress allegedly caused is also insufficient to satisfy the amount in controversy. *See* Docket No. 1-1 at ¶ 26. Most significantly, the incident at issue occurred less than a year before Plaintiffs filed suit, and there is no showing of any kind that Plaintiff Harrison's potential wage loss exceeds $75,000. *Cf. Surber*, 110 F. Supp. 2d at 1231 ("While plaintiff *might* have suffered $210,000 in damages as a result of defendant's failure to reimburse her, the record currently before the Court does not support that conclusion" (emphasis in original)).

Having provided no factual basis on which the Court can rely on the damages claimed in the complaint to exercise diversity jurisdiction, Defendant has not met its burden of showing that removal was proper. Moreover, as noted above, removal jurisdiction should be rejected if there is any doubt. Accordingly, the undersigned **RECOMMENDS** that this case be **REMANDED** to state court.

IT IS SO ORDERED.

Dated: October 22, 2018

                                                                 _____
                                                                 Nancy J. Koppe
                                                                 United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified

time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).